IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALICIA CARNEY,<br><br>　　　　　　Plaintiff,<br><br>　　-v-<br><br>TRANSUNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, FIRST PROGRESS CARD, and SYNOVUS BANK,<br><br>　　　　　　Defendants. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1. Plaintiff, ALICIA CARNEY, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA") alleging that Defendant FIRST PROGRESS CARD/SYNOVUS BANK (hereinafter "Furnishers") has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiff further alleges that the three major consumer reporting agencies, Experian Information Solutions, Inc. (Experian), TransUnion, LLC (TransUnion), and Equifax Information Services, LLC (Equifax) have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges TransUnion, Experian and Equifax failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of New Jersey and violated Plaintiffs rights under the FCRA in the state of New Jersey as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiff, Alicia Carney ("Plaintiff"), is a resident of Monmouth County in the State of New Jersey and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

10. Defendant TransUnion, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports

concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

12. Defendant Equifax Information Services, LLC is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Equifax's principal place of business is 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

14. First Progress Card/Synovus Bank is a credit card issuer with its headquarters located in Columbus, Georgia.

## FACTUAL ALLEGATIONS

15. In or around July and August of 2020, Defendant First Progress Card/Synovus Bank charged the Plaintiff duplicate annual fees.

16. Plaintiff contacted Defendant First Progress Card/Synovus Bank, and it was confirmed that the charges were erroneous, and Defendant agreed to waive the charges and any late fees that accrued as a result of the charges.

17. Subsequently, Plaintiff reviewed her consumer credit reports with all three bureaus and noticed that Defendant First Progress Card/Synovus Bank (the "Furnishers") was inaccurately and falsely reporting late payments regarding the erroneous annual fee that was waived.

18. Plaintiff began disputing the erroneous reporting with Experian, TransUnion and Equifax. Plaintiff, in her disputes, notified the credit bureaus and furnishers that they were inaccurately reporting a trade line for FIRST PROGRESS CARD as 30 days past due for the annual fee in July and August of 2020, when FIRST PROGRESS CARD had erroneously charged Plaintiff duplicate annual fees and later agreed to waive any late fees as a result of the incorrect charge.

19. Upon receipt of the dispute letters, the credit bureaus notified the Furnisher of Plaintiff's dispute.

20. Instead of conducting a reasonable investigation, the Furnisher just verified the accounts as accurate.

21. Equifax and Experian responded to Plaintiff, claiming that they had 'verified' the inaccurate trade line and kept the negative information on Plaintiff's report, continuing to cause her harm.

22. Transunion changed the reporting to erroneously reflect 30 days late in August and September of 2020.

23. At all times pertinent hereto, Experian, Equifax and Transunion's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN, EQUIFAX AND TRANSUNION

24. All preceding paragraphs are realleged.

25. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

26. At all times pertinent hereto, Transunion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

27. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

28. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

29. Plaintiff initiated disputes with Experian, Equifax and Transunion requesting that they correct a specific item in her credit file that is patently inaccurate and damaging to her.

30. Experian, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

31. Transunion, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic investigation would have prevented.

32. Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on her credit file, something that any basic

investigation would have prevented.

33. As a direct and proximate result of Defendant Experian's and Transunion's and Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST EXPERIAN, EQUIFAX, and TRANSUNION**

34. All preceding paragraphs are realleged.

35. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

36. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

37. Were Transunion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

38. Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff; it would have removed the inaccurate information being reported on the Plaintiff's credit report.

39. As a direct and proximate result of their willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III

**FAILURE TO INVESTIGATE DISPUTE**
**FCRA, 15 USC § 1681s-2(b)**
**AGAINST FIRST PROGRESS CARD/SYNOVUS BANK**

40. All preceding paragraphs are re-alleged.

41. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

42. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the account being reported by FIRST PROGRESS CARD.

43. As evidenced by their responses to the Plaintiff, FIRST PROGRESS CARD received these disputes.

44. FIRST PROGRESS CARD was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

45. FIRST PROGRESS CARD failed to reasonably investigate Plaintiff's dispute. Indeed, the Furnisher <u>knew</u> that Plaintiff was erroneously charged a duplicate annual fee and an erroneous late fee but continued to report the negative information on her report anyway.

46. Even after the Plaintiff properly disputed this account with the credit reporting agencies, FIRST PROGRESS CARD refused to conduct a reasonable investigation and continued inaccurately reporting these accounts on her credit reports.

47. FIRST PROGRESS CARD's conduct violated section 1681s-2(b) of the FCRA, causing Plaintiff harm.

**DEMAND FOR TRIAL BY JURY**

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

-7-

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 15, 2020

                                                  */s/ Ari Marcus*
                                                  Ari Marcus, Esq.
                                                  MARCUS & ZELMAN, LLC
                                                  701 Cookman Avenue, Suite 300
                                                  Asbury Park, New Jersey 07712
                                                  (732) 695-3282 telephone
                                                  (732) 298-6256 facsimile
                                                  *Attorney for Plaintiff*